1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:24-cr-00246-DAD |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANTS' MOTION TO DISMISS INDICTMENT AS MOOT |
| YAHIR ALEXANDER ARTEAGA CRUZ, et al., | (Doc. No. 49) |
| Defendants. | |

        This matter came before the court on November 17, 2025 for hearing on a motion to

dismiss indictment for violation of the Sixth Amendment brought on behalf of defendants Arteaga

Cruz and joined in by defendants Colindrez-Erazo and Hernandez Aguilar.  (Doc. Nos. 49, 55, 58,

59.)  For the reasons explained below, the court will deny defendant's motion as having been

rendered moot by the Continuing Resolution enacted on November 12, 2025, funding the

Criminal Justice Act ("CJA") thereby clearing the way for appointed panel attorneys and those

providing ancillary services to appointed counsel (paralegals, investigators, experts and

interpreters) to be paid the amounts withheld from them since late June as well for services

provided during the coming months.

        On August 22, 2024, defendants were indicted of multiple counts related to conspiracy to

distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§

846, 841(a)(1) and related crimes.  (Doc. No. 8.)  Attorneys Leras, Jimenez and Rusk were appointed pursuant to the CJA as counsel for the moving defendants and continue to represent those defendants.

CJA funding ran out in July 2025, with appointed CJA counsel receiving their last regularly scheduled payment in June 2025.  (Doc. No. 49 at 4–5.)  Those attorneys represent that "[p]ayments were expected to resume at the beginning of the new fiscal year on October 1, 2025."  (*Id.* at 4.)  Due to the lapse in funding until Congress's passage of the Continuing Resolution, defendant's counsel was not paid during the period of that lapse in funding.  (*Id.*)

On October 9, 2025, defendants filed their motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b).  (Doc. No. 49.)  On November 3, 2025, the government filed its opposition to the motion and on November 7, 2025, defendants filed their reply thereto.  (Doc. Nos. 56, 57.)  On November 17, 2025, the court held a hearing on the pending motion.  (Doc. No. 48.)

Federal Rule of Criminal Procedure 12(b)(1) provides that a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12.  The court has "inherent supervisory powers to order dismissal of prosecutions for only three legitimate reasons:  (1) to implement a remedy for the violation of a recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal conduct."  *United States v. Matta-Ballesteros*, 71 F.3d 754, 763 (9th Cir. 1995).

The court need not, and therefore does not at this time, decide the question of whether a Sixth Amendment violation has occurred in this case.  This is because the resumption of CJA funding has ended any such violation.  Certainly, there now exists persuasive authority that the prolonged refusal to appropriate CJA funds for defense counsel as well as those providers working on behalf of appointed counsel constitutes a violation of the Sixth Amendment.  *United States v. Evanovich*, No. 2:24-cr-00079-DJC, 2025 WL 3208308, at *4 (E.D. Cal. Nov. 17, 2025) ("Having developed an elaborate system of paid, court-appointed representation, which is now decades old and well-established, Congress cannot remove the funding aspect of the system and

2

1   still expect criminal defendants to receive adequate representation."); *see also United States v.*

2   *Ortiz*, — F. Supp. 3d —, 2025 WL 3157821, at *3 (E.D. Cal. Nov. 12, 2025) ("Here, Congress's

3   prolonged failure to provide funding for defense counsel violates Defendant's fundamental

4   constitutional right.");[1] *but see United States v. Vasquez*, No. 2:25-cr-00135-WBS, 2025 WL

5   2961906, at *1–2 (E.D. Cal. Oct. 20, 2025) (finding that, because court-appointed counsel do not

6   have a personal right under the Sixth Amendment to compensation, the defendant also did not

7   have a constitutional right to compensated counsel); *United States v. Phill*, No. 2:25-cr-00162-

8   DC, 2025 WL 3251317, at *4–5 (E.D. Cal. Nov. 21, 2025) (finding no Sixth Amendment

9   violation based exclusively on ineffective assistance of counsel grounds where no trial date had

10  been set and defendant's counsel represented to the court that they had continued to provide

11  effective assistance during the lapse in funding).  Nonetheless, the lapse in appropriations has

12  now ended (at least for the time being) and it would be purely speculative for the court to find that

13  a similar sustained lapse in appropriations is likely to recur in the future.  In this regard, the court

14  finds the following reasoning to be instructive:

15
16          Passing the possibly difficult conceptual question of whether the
        appeal has been mooted in constitutional case or controversy terms,
        we conclude that, in any event, we should treat it as moot for
17      prudential reasons.  These have to do both with our inability to give
        an effective remedy under the circumstances now developed and
18      with the imprudence of deciding on the merits a difficult and
        sensitive constitutional issue whose essence has been at least
19      substantially altered by supervening events; [and] which is not likely
        to recur in its original form in respect of these appellees[.]

20  /////

21
22  ----

[1]  The court notes that, in both of these cases, trial dates had been set and were fast approaching.
*See Evanovich*, 2025 WL 3208308, at *4 (February 23, 2026 trial date scheduled); *Ortiz*, 2025
23  WL 3157821, at *3 (January 26, 2026 trial date scheduled).  Notably, no trial date has been set in
this case.  Indeed, the setting of a trial date has been continued at the request of defense counsel
24  based upon their stated need for additional time to prepare.  Of course, the court will continue to
provide defense counsel adequate time in which to prepare if appropriate in light of the showing
25  counsel is able to make in a particular case.  See *United States v. Miller*, No. 2:23-cr-00150-DJC,
2025 WL 3251315, at *1 (E.D. Cal. Nov. 21, 2025) ("[T]he least intrusive available remedial
26  action is for the Court to grant Defendants whatever continuance Counsel needs to provide
Defendants with adequate representation."); *United States v. Butler*, No. 2:20-cr-00182-DJC,
27  2025 WL 3251340, at *1 (E.D. Cal. Nov. 21, 2025) (same); *United States v. Alonso-Medina*, No.
2:25-cr-00061-DJC, 2025 WL 3251341, at *1 (E.D. Cal. Nov. 21, 2025) (same).

28

1   *United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985) (internal citation omitted).  In

2   short, dismissal of the indictment in this case as to the defendants represented by appointed

3   counsel is not called for because there is no ongoing lapse in appropriations.

4         Defendants alternatively request their immediate release in this case on conditions,

5   arguing that the lapse in appropriations constitutes a compelling reason for their release under 18

6   U.S.C. § 3142(i).  (Doc. No. 49 at 10.)  The court is unaware of any authority to support this

7   contention and the moving defendants have not cited any.  Moreover, the undersigned observes

8   that courts found that delayed access to counsel due to the COVID-19 pandemic did not

9   necessarily constitute extraordinary reasons compelling temporary release of defendants.  *See,*

10   *e.g., United States v. Terrone*, 454 F. Supp. 3d 1009, 1026–27 (D. Nev. 2020) (finding that

11   although the limitations placed on the defendant's ability to communicate with counsel during the

12   pandemic were regrettable, they did not mandate a defendant's temporary release); *United States*

13   *v. Villegas*, 587 F. Supp. 3d 1010, 1013 (C.D. Cal. 2020) (same); *United States v. Peralta*, No.

14   19-cr-00818-PGG, 2020 WL 2527355, at *4 (S.D.N.Y. May 18, 2020) ("As to Peralta's

15   arguments about access to counsel, these concerns, while legitimate, do not justify his release.").

16   Similarly, here, defendants' counsel has represented that throughout the lapse in appropriations

17   they remained in contact with their clients and performed work on this case to the best of their

18   abilities.  The court does not decide whether an ongoing denial of access to counsel as a result of

19   the lack of appropriations resulting in appointed defense counsel not being paid for an extended

20   period of time would constitute an extraordinary circumstance under § 3142(i).  Instead, the court

21   finds only that the enactment of the Continuing Resolution and the resumption of CJA funding

22   has removed any such extraordinary circumstance in this case at this time.

23         For the reasons explained above, the court finds that even if a violation of the moving

24   defendants' Sixth Amendment rights occurred at some point between late June and November 12,

25   2025, the court is unable to fashion an effective remedy now because the purported constitutional

26   /////

27   /////

28   /////

violation has ceased.  Therefore, the court DENIES defendants' motion to dismiss (Doc. No. 49) as having been rendered moot by the passage of the Continuing Resolution by Congress and its signing into law.

IT IS SO ORDERED.

Dated:   **November 25, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE